# CIS

***KAREN E. BEZNER***
*ATTORNEY AT LAW*
*567 PARK AVENUE*
*SUITE 103*
*SCOTCH PLAINS, NEW JERSEY 07076*
*(908) 322-8484*
*FAX: (908) 322-0560*

October 6, 2023

**VIA E-MAIL**

Honorable David B. Katz, P.J.F.P.
Presiding Judge, Family Part
Superior Court of New Jersey
212 Washington Street, 10th Floor
Newark, New Jersey 07102

Re: Goldberg v. Nedelcu
Docket No. FM-07-2042-19;

In re Ioana Nedelcu
Bankruptcy No. 23-12065 (MBK)

Dear Judge Katz:

Thank you for your letter of October 5, 2023. I provide the following status of the bankruptcy case, and will be pleased to provide such further information as you might require.

Ms. Nedelcu filed her voluntary Chapter 7 petition on March 14, 2023. I received notice of my appointment on the next day. A copy of the Clerk's notice of filing and appointment is annexed hereto as Exhibit A.

As Trustee, my job is to identify and liquidate the assets of this estate to provide a fund from which creditors can be paid. The single most significant asset is the real property at 40 Essex Road, Maplewood, New Jersey 07040, owned jointly by Ms. Nedelcu and Mr. Goldberg. Ms. Nedelcu valued the property at $811,380.00 in her petition, Exhibit B; and there is one mortgage pending against the property to HMC Assets, LLC/BSI Financial Services, $313,879.03, Exhibit C.

Ordinarily, I would list the real estate for sale within weeks of my appointment, however, Mr. Goldberg has made it clear that he does not consent to the sale of the property. The automatic stay provided by 11 U.S.C. Section 362(a)(1) prohibits, inter alia, "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or

other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title". The automatic stay also prohibits "(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate". Accordingly, the automatic stay prohibits any proceedings in Superior Court to assert or enforce a lien against the property, or obtain equitable distribution of the property.

Mr. Goldberg has filed a motion for relief from the automatic stay, seeking permission to bring his alleged claims/liens in the matrimonial case. That motion has been adjourned at Mr. Goldberg's request, to November 16, 2023. I have opposed the motion. I believe that Mr. Goldberg's motion will be denied by the Bankruptcy Court.

In order to sell the property free and clear of Mr. Goldberg's interest, I need to obtain a judgment under 11 U.S.C. Section 363(h), a copy of which is reproduced as Exhibit D. It will likely take 90-120 days to obtain a judgment. Hopefully, Mr. Goldberg will cooperate with my marketing efforts, and the property can be sold immediately thereafter.

Please do not hesitate to contact me if I can be of any further assistance.

Respectfully submitted,

/s/ Karen E. Bezner
Karen E. Bezner

KEB/mo

Enclosures

cc: Via Email
George Veitengruber, III, Esq. (bankruptcy@veitengruberlaw.com)
Bart Lombardo, Esq. (blomardo@ciprianolaw.com)
Victor Goldberg (victor.goldberg@yahoo.com)

**Information to identify the case:**

Debtor 1: Ioana Nedelcu
First Name Middle Name Last Name

Social Security number or ITIN: xxx-xx-7054
EIN: __-_______

Debtor 2: (Spouse, if filing)
First Name Middle Name Last Name

Social Security number or ITIN: ____
EIN: __-_______

United States Bankruptcy Court: District of New Jersey

Date case filed for chapter: 7 3/14/23

Case number: 23-12065-KCF

Official Form 309A (For Individuals or Joint Debtors)

## Notice of Chapter 7 Bankruptcy Case — No Proof of Claim Deadline

10/20

**For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

**Undeliverable notices will be sent by return mail to the debtor. It is the debtor's responsibility to obtain the party's correct address, resend the returned notice, and notify this office of the party's change of address. Failure to provide all parties with a copy of this notice may adversely affect the debtor as provided by the Bankruptcy Code.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Ioana Nedelcu | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | P.O. Box 207<br>Trenton, NJ 08602 | |
| 4. | **Debtor's attorney**<br>Name and address | George E Veitengruber III<br>Veitengruber Law LLC<br>1720 Highway 34<br>Suite 10<br>Wall, NJ 07727 | Contact phone 732-695-3303<br>Email: bankruptcy@veitengruberlaw.com |
| 5. | **Bankruptcy trustee**<br>Name and address | Karen E. Bezner<br>567 Park Avenue, Suite 103<br>Scotch Plains, NJ 07076 | Contact phone (908) 322-8484 |

For more information, see page 2 >



A

Debtor **Ioana Nedelcu**

Case number **23-12065-KCF**

| | | |
|---|---|---|
| **6. Bankruptcy clerk's office**<br><br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. (800) 676-6856 | 402 East State Street<br>Trenton, NJ 08608<br>Additional information may be available at the Court's Web Site:<br>www.njb.uscourts.gov. | Hours open: 8:30 AM – 4:00 p.m., Monday – Friday (except holidays)<br><br>Contact phone 609-858-9333<br><br>Date: 3/15/23 |
| **7. Meeting of creditors**<br><br>**Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so.**<br><br>All individual debtors must provide picture identification and proof of social security number to the trustee at the meeting of creditors. Failure to do so may result in your case being dismissed. | **April 19, 2023 at 10:30 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:<br><br>**Section 341 Meeting will be conducted by telephone. Please consult the docket or contact the trustee appointed to the case for access or call-in information.** |
| **8. Presumption of abuse**<br><br>If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | The presumption of abuse does not arise. | |
| **9. Deadlines**<br><br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>**You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br><br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9).<br><br>**WRITING A LETTER TO THE COURT OR THE JUDGE IS NOT A SUBSTITUTE FOR FILING AN ADVERSARY COMPLAINT OBJECTING TO DISCHARGE OR DISCHARGEABILITY. IN NO CIRCUMSTANCE WILL WRITING A LETTER PROTECT YOUR RIGHTS.** | **Filing deadline:** 6/20/23 |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **10. Proof of claim**<br><br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| **11. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |

| | |
|---|---|
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at https://pacer.uscourts.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. |

Fill in this information to identify your case and this filing:

Debtor 1 Ioana Nedelcu
First Name Middle Name Last Name

Debtor 2 (Spouse, if filing)
First Name Middle Name Last Name

United States Bankruptcy Court for the: DISTRICT OF NEW JERSEY

Case number

☐ Check if this is an amended filing

Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1: Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.
■ Yes. Where is the property?

1.1

40 Essex Road
Street address, if available, or other description

Maplewood NJ 07040-0000
City State ZIP Code

Essex
County

What is the property? Check all that apply
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other

Who has an interest in the property? Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property? $811,380.00

Current value of the portion you own? $405,690.00

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

☐ Check if this is community property (see instructions)

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.............=> $405,690.00

**Part 2: Describe Your Vehicles**

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

■ No
☐ Yes

**Fill in this information to identify the case:**

Debtor 1 Ioana Nedelcu

Debtor 2 (Spouse, if filing)

United States Bankruptcy Court for the: District of New Jersey

Case number 23-12065-KCF

Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents; they may be destroyed after scanning.** If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

**Part 1: Identify the Claim**

**1. Who is the current creditor?**

HMC Assets, LLC solely in its capacity as separate trustee of CAM XI Trust
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

BSI Financial Services
Name
1425 Greenway Dr, Suite 400
Number Street
Irving TX 75038
City State ZIP Code

Contact phone

Contact email

Where should payments to the creditor be sent? (if different)

BSI Financial Services
Name
314 S. Franklin Street, P.O. Box 517
Number Street
Titusville, PA 16354
City State ZIP Code

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) Filed on MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing?

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**

☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 2 5 4 4

**7. How much is the claim?**

$ 313,879.03. **Does this amount include interest or other charges?**

☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money Loaned

**9. Is all or part of the claim secured?**

☐ No
☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: 40 Essex Road, Maplewood, NJ 07040

**Basis for perfection:** Note & Mortgage

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $________

**Amount of the claim that is secured:** $ 313,879.03

**Amount of the claim that is unsecured:** $________ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ 72,598.14

**Annual Interest Rate** (when case was filed) 5.835 %

☑ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ **Yes. Amount necessary to cure any default as of the date of the petition.** $________

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: ________

sale or such lease is consistent with such policy; or

appointment of a consumer privacy ombudsman in accordance with section after notice and a hearing, the court approves such sale or such lease—

ing due consideration to the facts, circumstances, and conditions of such such lease; and

ding that no showing was made that such sale or such lease would violate able nonbankruptcy law.

ation is required under subsection (a) of section 7A of the Clayton Act in transaction under this subsection, then—

ithstanding subsection (a) of such section, the notification required by such n to be given by the debtor shall be given by the trustee; and

ithstanding subsection (b) of such section, the required waiting period shall e 15th day after the date of the receipt, by the Federal Trade Commission ssistant Attorney General in charge of the Antitrust Division of the Depart Justice, of the notification required under such subsection (a), unless such eriod is extended—

rsuant to subsection (e)(2) of such section, in the same manner as such ction (e)(2) applies to a cash tender offer;

rsuant to subsection (g)(2) of such section; or

y the court after notice and a hearing.

siness of the debtor is authorized to be operated under section 721, 1108, , or 1304 of this title and unless the court orders otherwise, the trustee may ransactions, including the sale or lease of property of the estate, in the urse of business, without notice or a hearing, and may use property of the ordinary course of business without notice or a hearing.

stee may not use, sell, or lease cash collateral under paragraph (1) of this nless—

entity that has an interest in such cash collateral consents; or

ourt, after notice and a hearing, authorizes such use, sale, or lease in accor ith the provisions of this section.

aring under paragraph (2)(B) of this subsection may be a preliminary hear be consolidated with a hearing under subsection (e) of this section, but shall d in accordance with the needs of the debtor. If the hearing under paragraph is subsection is a preliminary hearing, the court may authorize such use, e only if there is a reasonable likelihood that the trustee will prevail at the g under subsection (e) of this section. The court shall act promptly on any authorization under paragraph (2)(B) of this subsection.

as provided in paragraph (2) of this subsection, the trustee shall segregate t for any cash collateral in the trustee's possession, custody, or control.

may use, sell, or lease property under subsection (b) or (c) of this section

dance with applicable nonbankruptcy law that governs the transfer of prop orporation or trust that is not a moneyed, business, or commercial corpora t; and

xtent not inconsistent with any relief granted under subsection (c), (d), (e) tion 362.

63



ay under section 362).

(f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

(g) Notwithstanding subsection (f) of this section, the trustee may sell property under subsection (b) or (c) of this section free and clear of any vested or contingent right in the nature of dower or curtesy.

(h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

(i) Before the consummation of a sale of property to which subsection (g) or (h) of this section applies, or of property of the estate that was community property of the debtor and the debtor's spouse immediately before the commencement of the case, the debtor's spouse, or a co-owner of such property, as the case may be, may purchase such property at the price at which such sale is to be consummated.

(j) After a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate.

(k) At a sale under subsection (b) of this section of property that is subject to a lien that secures an allowed claim, unless the court for cause orders otherwise the holder of such claim may bid at such sale, and, if the holder of such claim purchases such property, such holder may offset such claim against the purchase price of such property.

(l) Subject to the provisions of section 365, the trustee may use, sell, or lease property under subsection (b) or (c) of this section, or a plan under chapter 11, 12, or 13 of this title may provide for the use, sale, or lease of property, notwithstanding any provision in a

**11 USC § 363**

CIPRIANO LAW OFFICES, P.C.
BART W. LOMBARDO, ESQ. -001821996
175 FAIRFIELD AVENUE, SUITE 4C/D
WEST CALDWELL, NJ 07006
TELEPHONE: 973-403-8600

Attorneys for Defendant
IOANA NEDELCU
Our File No.: 2004-1437

| | |
|---|---|
| VICTOR GOLDBERG,<br>Plaintiff,<br>vs.<br>IOANA NEDELCU,<br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION: FAMILY PART<br>ESSEX COUNTY<br>DOCKET NO.: FM-07-2042-19<br><br>Civil Action<br><br>**PROPOSED FORM OF ORDER** |

**THIS MATTER** having been opened to the Court by way of emergent application filed by the Defendant, Ioana Nedelcu, through counsel, Bart Lombardo, Esq. (Cipriano Law Offices, P.C.) and with opposition filed by, Plaintiff, Victor Goldberg, *pro se*, and for good cause having been shown:

It is on this __________ day of ____________ 2023, **ORDERED** as follows:

1. Plaintiff shall immediately turn over the sum of $30,754.00 representing the proceeds of the insurance claim to counsel for the Defendant;
2. Defendant's counsel shall deposit the funds in escrow, then release the amount of $30,600.00 to the Defendant as and for Court Ordered rental payments up to November 1, 2023 (for her current leasehold), without prejudice to either party.

**IT IS HEREBY ORDERED** that a copy of this Order shall be served upon all parties within seven (7) days from the date herein.

Hon. David B. Katz, P.J.F.P.



*UNIUNEA NAȚIONALĂ A BAROURILOR DIN ROMÂNIA*
*BAROUL TIMIȘ*
***Ionuț A. Mițiți - Avocat***
tel. 0749.975.899
e-mail: avocat.mititi@gmail.com

I am Ionuț Adrian Mițiți, a lawyer admitted to practice law in Romania by The National Association of Romanian Bars (U.N.B.R.), member of the Timiș Bar.

The purpose of this memo is to analyze facts regarding the real estate property (house and land) identified in Land Register no. 72967 Potlogi, property located in Romania, Dambovita County, Pitaru Village, Nicolae Grigorescu Street, no. 15.

(Appendix 1) (Appendix 2)

I certify that the statements below are true and correct to the best of my knowledge and belief and are made based on my expertise in Romanian law, particularly applicable real estate law.

**Description of the property**

The property in question is comprised of the house, land underneath the house, and the land that surrounds the house.

The house is a residential house with 2 stories built in year 2007. The ground floor consists of the living room, 2 bedrooms, kitchen, 2 bathrooms, vestibule, hall, plant room, and 2 covered terraces. The second floor consists of 4 bedrooms, bathroom, hall, staircase, and 2 enclosed terraces. The house is identified with no. Cadastral 72967, registered in the Land Book as no. 72967. The house (occupying the land area of 2,228.13 sq.ft.) is located within a larger land space of 36,629.59 sq.ft., of which 11,625.02 sq.ft. is allocated for construction while the remaining 25,004.56 sq.ft. is arable (suitable for agriculture).

The property is located in Potlogi commune, Pitaru Village, Nicolae Grigorescu Street, no. 15, plot 6, plots 728 and 728/1. Dâmbovita County. While being a rural retreat, the estate enjoys proximity to the capital city of Bucharest with a short commuting distance, making it a very desirable property.

**The composition of the house**

According to Romanian standards, I can describe this house as a luxury villa, as opposed to the much smaller houses that are common in Romania. It occupies a land area of 2,228.13 sq.ft., making the approximate total floor area 4,456.26 sq.ft.

The Romanian Land Registry designates the house as a finished and functioning house, and contains the detailed description of the property. According to my knowledge of Romanian law and procedure, such detailed entry in the Romanian Land Registry would have been impossible without an officially appointed public servant physically inspecting the property and approving each of the specific entries in the Land Registry.

There is therefore no doubt, based on the Romanian Land Registry alone, that the house indeed consists of the functioning living room, 6 bedrooms, 3 bathrooms, kitchen, vestibule, 2 halls, plant room, staircase, and 4 covered terraces. Moreover, the reception of the house by the public servant attests to the fact that it was built in compliance with the building permit and related documentation. Such reception cannot be held in the absence of compliance with construction safety regulations. Additionally, the public servant had to verify the house as being safe for living. It can therefore be stated that the house can function as a rental property.

**Energy Certificate**

Furthermore, the Romanian Land Registry for the property in question confirms that the house was granted an Energy Certificate. In Romania, an Energy Certificate is only issued when the house is new or when the owner wants to sell or rent it. The existence of the Certificate constitutes proof that the building is quite new and is a construction in which people can live safely. Energy Certificates are usually valid for 10 years, after which they are erased from the public Land Registry. Since the Certificate is still mentioned in the Land Registry for the Potlogi property, it can safely be stated that it is a safe, functional house where people can or do live, and that the owners were concerned about officially registering it as such fairly recently.

Any claims that the house is worth only $40,000 are obviously false. The house has no structural issues, as proven by the Land Registry. The house has fully functioning utility connections for all utilities necessary for occupation and rental, as proven by the Energy Certificate.

**Valuation of the estate**

As shown above, based on the official Land Registry the house construction is relatively new, safe and functioning. However, it is important to remember that the

value of the estate is not derived solely from the house construction, but mainly from the location and the large land area of 36,629.59 sq.ft. (of which 11,625.02 sq.ft. has received a permit for construction). In fact, more than one house could be built on the property, producing additional rental income. It is therefore safe to assume that even if there were severe structural issues with the house (and the Land Registry proves there are none), and even if the house contained no utilities or septic system, the market value of the estate would only be affected insignificantly. It is a sturdy structure, and such utilities could be easily and inexpensively installed, if such an installation were necessary. But the Energy Certificate proves all these utilities are already installed and fully operational.

An appraisal by Towsend Estates dated November 16, 2021 values the Potlogi estate at $370,874 to $397,531.

(Appendix 3)

The chart below shows Romania House Price Index has increased approximately 9% since the day of the appraisal, making the adjusted current valuation $404,253 to $433,309.




https://tradingeconomics.com/romania/housing-index

In Skype messages with Mr. Victor Goldberg dated August 22, 2013, Ms. Ioana Nedelcu valued the Potlogi Estate at $310,000 to $350,000.

(Appendix. 3)

The chart below shows the Romania House Price Index has increased over 50% since the day of Ms. Nedelcu's valuation, making the adjusted current valuation $465,000 to $525,000.




https://tradingeconomics.com/romania/housing-index

**Selling procedure**

Selling real estate in Romania through a real estate agency is quite inexpensive compared to the U.S. standards. The usual agency fee for selling the house is 1% to 2% of the selling price. The tax due to the state in case of a sale is 1% or 3%, depending on the number of years the owner has owned the house. In the present case, the tax is only 1%. Any claims that the recoverable value of the property will be expended, or consumed, by the process of acquiring control of the property and selling it are also obviously false. As a personal evaluation, I can confirm that this estate (the house and the land surrounding it) can easily be sold for $350,000 to $400,000, and likely for more; then one must subtract only 2% or 3% for the total of all taxes and fees.

However, if the owner does not intend to sell it, a court order declaring bankruptcy in the U.S.A. should be sent to Romania and, after the court order is validated by a Romanian judge (in a procedure called a Registration of Foreign Judgment), a forced sale of the house will be commenced by a bailiff. The process is really simple. Firstly, an inventory containing all the properties of the person declared bankrupt will be created. Secondly, any houses and land will be sold through an auction. If a property is not sold during the first auction for any reason, it will be subject to the second, third, fourth and fifth auction. However, based on my personal experience, a property like the one in question will likely be sold already during the first auction. In the worst-case scenario, it will be sold during the second auction. The process is not complicated, nor is it particularly time consuming.

As a registered attorney in Romania, I would be happy to offer my own legal services for the entire procedure for $1500.

**Disclaimer**

I personally obtained the Land Registry no. 72967 Potlogi from ANCPI (Romanian National Land Registry Agency) for use in this report. The Towsend Estate appraisal, Ms. Nedelcu's valuation (Skype communication) and the Apostilled Land Registry were provided by the client.

This memo is intended for informative purposes only.

The contents of this memo do not constitute legal or tax advice.

Without diminishing the broader context provided in the previous paragraphs, we do not assert, promise, commit to, or guarantee that utilizing the information in the memo will result in any specific outcome.

We have taken reasonable precautions to ensure that the material information presented here aligns with the facts and lacks any omissions that might impact its comprehension to the best of our knowledge. We will not be held accountable for any business losses that may be incurred, encompassing, but not limited to, the loss or damage of profits, income, revenue, use, production, anticipated savings, business, contracts, commercial opportunities, or goodwill.

Changes may have occurred in matters affecting the information provided after the date of this memo. The issuance or delivery of this memo does not, under any circumstances, imply that the information contained herein is accurate beyond the date of the documents on which it relies (as specified in the Appendices). We do not intend to, and do not assume any obligation to update or correct the information included in this memo.

The written matters of this memo are governed by Romanian law, and any dispute arising concerning this report falls under the exclusive jurisdiction of Romanian courts. For any inquiries about the memo and its contents, please contact the author of the paper:

Signature: Ionut-Adrian Mititi — Semnat digital de Ionut-Adrian Mititi Data: 2024.01.17 13:45:26 +02'00'

Ionuț Adrian Mițiți

Date: January 16, 2024